**VECOPLAN L.L.C., Plaintiff,**

v.

**AMERI–SHRED CORPORATION d/b/a Ameri–Shred Corp., Defendant.**

No. 1:04CV00786.

United States District Court, M.D. North Carolina.

Sept. 20, 2004.

Christopher Charles Finan, Robert Akin Brinson, Roberson Haworth & Reese, P.L.L.C., High Point, NC, for Plaintiff.

Manning A. Connors, III, Edward R. Sharp, Smith Moore, L.L.P., Greensboro, NC, for Defendant.

*PRELIMINARY INJUNCTION ORDER*

BEATY, District Judge.

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. Plaintiff previously obtained a Temporary Restraining Order in the Superior Court for Guilford County, North Carolina on August 26, 2004 following a hearing attended by counsel for Plaintiff and counsel for Defendant. A Notice of Removal was filed in this case on August 31, 2004. Upon motion by Plaintiff, this Court issued its own Temporary Restraining Order [Document # 5] on September 10, 2004, which in effect restrained Defendant in a similar manner as the previously-issued state court Temporary Restraining Order. The Court's Temporary Restraining Order was ordered to remain in effect until the parties could be heard on the Motion for Preliminary Injunction. A hearing was held on September 16, 2004, at which time the Court heard from Plaintiff and Defendant. Based on that hearing, the Court made the following findings and conclusions:

1. **With respect to the likelihood of irreparable harm to the Plaintiff if the preliminary injunction is denied.**

   ■ Here, Plaintiff alleges and the Court so finds, that Plaintiff could suffer permanent loss of customers, loss of business, loss of sales, loss of business reputation, and loss of goodwill due to misrepresentations or disparaging comments linking its equipment to fires that were reported to have occurred at the Iron Mountain Facility in Livonia, Michigan, or the Recall Facility in Hayward, California, without adequate factual support. If Plaintiff's machines are inaccurately linked to these fires, or if potential customers are misled into believing Plaintiff's machines may have caused these fires, Plaintiff will have a difficult time correcting that impression that customers may have been given or even determining what potential customers may have avoided its products based on the alleged connection between Plaintiff's equipment and the fires at the Iron Mountain and Recall

facilities. Therefore, the potential likelihood of irreparable harm to the Plaintiff is very high.

## 2. With respect to the likelihood of harm to the Defendant if the requested relief is granted.

■ Here, notwithstanding Defendant's allegation of harm in several respects if the Court in fact enjoins it further, the Court finds that Defendant is very unlikely to suffer any harm from an injunction which in this instance merely limits it from making any direct statements or statements which imply that Plaintiff's grinders caused the fires at the Iron Mountain or Recall facilities, particularly where Defendant cannot provide any specific factual support for such statement or implications. If indeed it is later determined that Defendant, as it suggests, has not created any false implications or engaged in unfair competition, the Court finds that the imposition of the limited injunction by this Court will not cause any harm to Defendant's ability to engage in fair competition. There is nothing about the language of the preliminary injunction that the Court will impose which will prevent Defendant from continuing to compare its products to Plaintiff's products or compare grinders and shredders in terms of advantages and disadvantages, including noise level, dust, or safety issues, including potential causes of fire. The injunction simply limits Defendant from making direct statements or making statements which imply that Plaintiff's equipment caused or contributed to fires at the Iron Mountain or Recall facilities, without Defendant providing the specific factual basis to support such statements connecting Plaintiff's equipment to the fires at the Iron Mountain or Recall facilities.

No harm will result to Defendant particularly if, as Defendant itself contends, its representatives have not discussed Plaintiff's shredder or the Iron Mountain or Recall facility fires with any potential customer or any other individual other than Mr. Miralia at DTI. Defendant does not allege that it has suffered any harm from limiting its discussion to the one vendor that has been described here. Therefore, Defendant would not suffer any harm from continuing to not discuss Vecoplan's equipment in this manner or not attempting to link the Vecoplan equipment to the specific fires at the Iron Mountain and Recall facilities. Again, the issuance of a Preliminary Injunction as this Court proposes will not limit Defendant from continuing to make general comparisons between types of equipment where those comparisons are based in fact and not on misleading implications tying the Plaintiff's equipment to the fires at the Iron Mountain and Recall facilities.

## 3. With respect to the issue of likelihood of success on the merits.

■ Given that the Court finds that Plaintiff's irreparable harm without the issuance of a Preliminary Injunction is greater than and outweighs the harm to Defendant if the Court prevents it from making statements linking Plaintiff's equipment to the Iron Mountain and Recall facility fires without a factual basis, the Court further finds that Plaintiff has demonstrated at least a serious question going to the merits of its claim. Defendant contends that the statements at issue were true because they simply stated that a fire occurred and that the Plaintiff's machines were present. However, at this time, it appears that the context of these statements would seem to imply or mislead the recipient into concluding that the Vecoplan equipment caused or contributed to the fires at the Iron Mountain or the Recall facility. The evidence before the Court at this time does not establish that the Vecoplan machines in fact caused or contributed to the fires at the Iron Moun-

tain or Recall facilities. At trial, Defendant may further develop the truthfulness of the statements, the extent or availability of a qualified privilege, and the extent to which Plaintiff may not have sustained or will not sustain any damages. However, Plaintiff has presented sufficient questions regarding the merits of the claim to support the issuance of an injunction to prohibit Defendant from making statements which attempt to show connection between Plaintiff's equipment and the fires at the Iron Mountain and Recall facility, given the clear balance of harms favoring Plaintiff, as previously noted.

**4. With respect to the public interest.**

■ Defendant contends that the public interest is served by the dissemination of important safety information. However, Plaintiff notes that the public is not served by inaccurate commercial messages that are more likely to deceive than to inform. In this case, the proposed injunction is narrowly tailored to allow continued comparisons of product and commercial competition. To the extent that Defendant has adequate proof of an actual causal connection, the injunction being issued by the Court would still allow Defendant to make claims linking Plaintiff's equipment to fires if those statements are supported by sufficient and specific factual support. Therefore, the public interest is served in allowing this speech to that extent. However, the public interest is also served by limiting any speech that could mislead potential customers or members of the public into believing that Plaintiff's machines caused the fires at the Iron Mountain or Recall facilities without further providing specific factual support for that specific statement.

■ Also, with regard to the First Amendment issues, the Court finds that there is no First Amendment protection for commercial speech that is false or mis-

leading. Here, the only speech limited by the proposed injunction is false or misleading commercial speech implying that Plaintiff's equipment caused the fires at the Iron Mountain and Recall facilities. The injunction, however, does not limit Defendant's comparison of its product to Plaintiff's product, or otherwise limit Defendant's commercial speech. Therefore, the Court finds that the proposed injunction would not infringe Defendant's First Amendment rights.

### Conclusion

After considering all of the factors, it appears to the Court that Plaintiff has demonstrated clear and convincing evidence of significant irreparable harm if the injunction is not issued, while the Court finds that Defendant will not suffer any significant harm given the limited scope of the injunction. Plaintiff has demonstrated serious questions as to the merits of the case, and the public would be served by preventing Defendant from creating false or misleading representations that Plaintiff's machines caused or contributed to fires at the Iron Mountain or Recall facilities, unless there is sufficient specific factual support for those claims.

Based on these findings and conclusions, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court hereby ORDERS that Plaintiff's Motion for Preliminary Injunction is GRANTED, and Defendant is RESTRAINED AND ENJOINED from publishing to any third party any statement, written or oral, in connection with the sale of its document destruction equipment or otherwise, indicating or implying that Vecoplan's document destruction equipment has been linked in any way to the causation of the specific fires at the Iron Mountain Facility in Livonia, Michigan, or the Recall Facility in Hayward, California, without Defendant

providing a factual and truthful basis accurately and specifically supporting such statement that the fire at the Iron Mountain facility or the Recall facility was caused by Plaintiff's equipment.

IT IS FURTHER ORDERED, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that the security previously provided by Plaintiff in the amount of $10,000 will continue to be held as security for this Preliminary Injunction. Any cash bond received from the Plaintiff as security in this matter is to be placed by the Clerk in an interest-bearing account until this matter is concluded.